UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DANNY F. WILLIAMS, as the surviving son of decedent, MARINE A. WILLIAMS, and Danny F. Williams as Independent Administrator of the ESTATE OF MARINE A. WILLIAMS, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    No. 1:23-cv-00157-SNLJ<br>) |
| NHC HEALTHCARE/KENNETT, LLC, NATIONAL HEALTH CORPORATION, and NATIONAL HEALTHCARE CORPORATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on two Federal Rule of Civil Procedure 12(e) motions for a more definite statement to plaintiff's amended complaint. The first motion [Doc. 23] was submitted by defendants National Health Corporation and National HealthCare Corporation. The second motion [Doc. 24] was submitted by defendants NHC Healthcare/Kennett, LLC, National Health Corporation, and National HealthCare Corporation.

In his amended complaint, plaintiff alleges, *inter alia*, that (1) all three defendants "were engaged in a joint venture," [Doc. 22 at 9], (2) defendant NHC Healthcare/Kennett, LLC is "so dominated by" defendant National HealthCare Corporation that the two are indistinct, [Doc. 22 at 28], and (3) decedent Marine A.

1

Williams died from an avoidable pressure ulcer and infection caused by defendants' staff's failure to provide her proper care, [Doc. 22 at 1, 12–13.]

Defendants argue that plaintiff's amended complaint fails to set forth these allegations with sufficient specificity. [Doc. 23 at 4–5]; [Doc. 24 at 5.] In particular, defendants contend that plaintiff must assert more facts in order to be able to pierce the corporate veil and hold all three defendants liable for the alleged conduct of NHC Healthcare/Kennett, LLC. *Id.* Defendants consequently ask this Court to compel plaintiff to submit a more definite statement under Federal Rule of Civil Procedure 12(e). [Doc. 23 at 1]; [Doc. 24 at 1.]

Rule 12(e) states as follows: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is ***so vague or ambiguous that the party cannot reasonably prepare a response***" (emphasis added). Rule 12(e) motions "are disfavored and should not be granted unless the Complaint is ***so vague or ambiguous as to be unintelligible*** 'that the opposing party cannot respond to it, even with a simple denial...with a pleading that can be interposed in good faith or without prejudice to himself.'" *Ransom v. Winter*, No. 4:06CV1702 FRB, 2007 U.S. Dist. LEXIS 48220, at *1–2 (E.D. Mo. July 3, 2007) (emphasis added) (quoting 5C Wright & Miller, Federal Practice & Procedure: Civil 3d § 1376 at 311 (2004)).

Plaintiff's amended complaint is not so vague or ambiguous to warrant granting a motion for more definite statement. To the contrary, plaintiff's amended complaint is highly detailed. For each of the aforementioned allegations, plaintiff sets forth multiple pages outlining his descriptions of events, explaining in sufficiently clear terms the

allegations against the defendants.  *See* [Doc. 22 at 17–20, 25–27, 28–34.]  By no means is plaintiff's complaint so ambiguous or so vague that it is "unintelligible," *Ransom*, 2007 U.S. Dist. LEXIS 48220, at *2, or renders defendants unable to "reasonably prepare a response," Fed. R. Civ. P. 12(e).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for a more definite statement [Docs. 23 & 24] are **DENIED.**

Dated this 1st day of March, 2024.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE